RAY KIM LAW, APC
Raymond Y. Kim (SBN 251210)
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832
Telephone: 833-729-5529
Facsimile: 833-972-9546
E-mail: ray@raykimlaw.com

Attorneys for Plaintiffs
Angela Cook, Zoe Naglieri-Prescod,
Fred Moore, and Roberta Eklund

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Angela Cook, Zoe Naglieri-Prescod, Fred Moore, and Roberta Eklund, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Meta Platforms, Inc.; Meta Payments Inc.; and DOES 1-5.<br><br>Defendants. | Case No.: 8:25-cv-02417-JWH-ADS<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

Plaintiffs Angela Cook, Zoe Naglieri-Prescod, Fred Moore, and Roberta Eklund ("**Plaintiffs**"), individually and on behalf of all others similarly situated, by and through their attorneys, bring this Second Amended Class Action Complaint against defendants Meta Platforms, Inc. and Meta Payments Inc. (together "**Facebook**") and alleges as follows:

## SUMMARY OF ACTION

1. Plaintiffs bring this action for damages, restitution, and other legal and equitable remedies, resulting from the illegal actions of Facebook with respect to: (i) its failure to issue to Plaintiffs and putative class members payouts due to them after they sold and shipped items through Facebook's Marketplace; and (ii) its assessment and retention of unfair and unreasonable "Selling fees" in connection with sales on Marketplace, which unfairly reduce the amount sellers receive in payouts.

2. In so doing, Facebook has violated the California Unfair Competition Law ("UCL"), Business and Professions Code § 17200, and is liable for conversion and money had and received.

3. With respect to Facebook's unlawful and unfair practice of failing to pay sellers who sell and ship products through Marketplace, pursuant to Business and Professions Code § 17203, Plaintiffs seek a public injunction ordering that, moving forward, Facebook: (i) create and implement policies and procedures to ensure that sellers who ship through Marketplace are promptly paid their due payouts; and (ii) create a reliable method of communication for sellers to inquire about and obtain the accurate status of their payouts based on timely responses from a trained human employee who has reasonably investigated the inquiry; and (iii) cease assessing the unfair selling fee of 10% of the total amount paid by the buyer ("Selling Fee"), and instead assess a fee of 10% of the product sales price only. With respect to Facebook's practice of assessing the unfair Selling Fee, pursuant to Business and Professions Code § 17203, Plaintiffs seek a public injunction ordering that moving forward Facebook cease assessing the unfair Selling Fee of 10% of the total amount

paid by the buyer, and instead assess a Selling fee of 10% of the product sales price only.

## THE PARTIES

4. Plaintiff Angela Cook is an individual residing in the State of California, Orange County.

5. Plaintiff Zoe Naglieri-Prescod is an individual residing in the State of Massachusetts, Hampshire County.

6. Plaintiff Fred Moore is an individual residing in the State of Tennessee, Putnam County.

7. Plaintiff Roberta Eklund is an individual residing in the State of Oregon, Clatsop County.

8. Defendant Meta Platforms, Inc. is a multinational technology company headquartered in Menlo Park, California. Meta Platforms, Inc. owns and operates several prominent social media platforms, communication services, and online sales platforms including Facebook, Marketplace, Instagram, Threads, Messenger and WhatsApp.

9. Meta Payments Inc., a subsidiary of Meta Platforms, Inc., is responsible for handling payments and related services within the Meta ecosystem. Meta Payments Inc. is headquartered in Menlo Park, California.

10. Doe Defendants 1-5 are the other companies or individuals responsible for the terms, contents, substance, and facts surrounding sales and shipping on Marketplace.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(1). Plaintiffs bring a class action under Federal Rule of Civil Procedure 23(b)(2) and (b)(3). Plaintiffs and Defendants are citizens of different states, and the amount in controversy exceeds the sum of $5,000,000.00 and there are no less than 100 class members. Dkt. No. 1, Notice of Removal.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

12. Defendants are headquartered in the State of California, which means personal jurisdiction is established.

13. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because Plaintiff Angela Cook is a resident of Orange County and a substantial part of the events giving rise to the claims occurred in this district.

## STATEMENT OF FACTS

**Marketplace**

14. Facebook Marketplace is an e-commerce tool built on Facebook's popular social media platform, where users can buy and sell products. Sellers list the items they want to sell and customers can browse to find the products they are interested in. While Facebook Marketplace supports sales within a local community, it also allows nationwide shipping.

15. When a seller offers shipping in Facebook Marketplace the buyer orders the item and pays through "Checkout" on Marketplace, and then the seller ships the item directly to the buyer.

16. The buyer's total payment amount will include the price of the product, the shipping cost and estimated taxes.

17. When shipping in Facebook Marketplace, Facebook takes a ten percent (10%) commission or "Selling fee" from the seller. However, the 10% commission is not based on the sales price of the product. Instead, Facebook takes 10% of the total amount paid by the buyer, including the price of the product, the charged shipping cost, and the estimated taxes, from the seller's sale price. For example, if a seller sells a product at $50.00 and shipping costs $10.00 and tax is $5.00, in total the buyer will pay $65.00. 10% of $65.00 is $6.50. Facebook retains $6.50 as a so-called "Selling fee" for itself, and in this example, Facebook pays the seller only $43.50.

18. After the seller ships the item and the shipping tracking number shows the order is delivered, Facebook is supposed to promptly deposit the seller's payout

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

amount in the seller's bank account or PayPal account, whichever the seller chooses to receive payouts via Marketplace.

**Angela Cook**

19. In December 2024, Ms. Cook listed an item for sale on Marketplace.

20. A purchaser by the name of Louis purchased the item for $35.00.

21. Including shipping costs and sales tax, Louis paid a total of $51.14.

22. Facebook deducted the shipping costs, sales tax, and its "Selling fee" of 10% of the total paid by the buyer from the purchase price of the item and estimated Ms. Cook's payout at $29.00.

23. Ms. Cook created a shipping label and shipped the item via UPS to Louis in Texas. The item was delivered to Louis on December 21, 2024.

24. Facebook received Louis' payment of $51.14, including its Selling fee of $5.11.

25. However, to date Facebook has failed to pay Ms. Cook the $29.00 payout she is owed for selling and shipping the item through Marketplace.

26. Ms. Cook reached out to Facebook demanding payment. Facebook still has not paid Ms. Cook the $29.00 she is owed.

**Zoe Naglieri-Prescod**

27. In December 2024, Ms. Naglieri-Prescod listed an item for sale on Marketplace.

28. A purchaser by the name of Briana purchased the item for $70.00.

29. Including shipping costs and taxes Briana paid a total of $83.50.

30. Facebook deducted the shipping costs, taxes, and its "Selling fee" of 10% of the total paid by the buyer from the purchase price of the item and estimated Ms. Naglieri-Prescod's payout at $61.65.

31. Ms. Naglieri-Prescod created a shipping label and shipped the item via UPS to Briana in Pennsylvania. The item was delivered on January 3, 2025.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

32. Facebook received Briana's payment of $83.50, including its Selling fee of $8.35.

33. However, to date Facebook has failed to pay Ms. Naglieri-Prescod the $61.65 payout she is owed for selling and shipping the item through Marketplace.

34. Ms. Naglieri-Prescod reached out to Facebook demanding payment. Facebook still has not paid Ms. Naglieri-Prescod the $61.65 she is owed.

**Fred Moore**

35. In or about December 2025, Mr. Moore listed an item for sale on Marketplace.

36. A purchaser by the name of Laila purchased the item for $350.00.

37. Including shipping costs, Laila paid a total of $386.64.

38. Facebook deducted the shipping costs, taxes, and its "Selling fee" of 10% of the total paid by the buyer from the purchase price of the item and estimated Mr. Moore's payout at $311.34.

39. Mr. Moore shipped the item via USPS to Laila in Minnesota. The item was delivered on January 10, 2025.

40. Facebook received Laila's payment of $386.64, including its Selling fee of $38.66.

41. However, to date Facebook has failed to pay Mr. Moore the $311.34 payout he is owed for selling and shipping the item through Marketplace.

42. Mr. Moore reached out to Facebook demanding payment. Facebook still has not paid Mr. Moore the $311.34 he is owed.

**Roberta Eklund**

43. In March 2025, Ms. Eklund received two separate shipping orders in Facebook Marketplace.

44. A purchaser by the name of Jeff purchased the first item for $15.00.

45. Including shipping costs and sales tax, Jeff paid a total of $29.77.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

46. Facebook deducted the sales tax and its "Selling fee" of 10% of the total paid by the buyer from the purchase price of the item and estimated Ms. Eklund's payout at $24.02

47. Ms. Eklund created a shipping label and shipped the item via UPS to Jeff in Illinois. The item was delivered to Jeff on March 28, 2025.

48. Facebook received Jeff's payment of $29.77, including its Selling fee of $2.98.

49. However, to date Facebook has failed to pay Ms. Eklund the $24.02 payout she is owed for selling and shipping the first item through Marketplace.

50. A purchaser by the name of William purchased the second item for $12.00.

51. Including shipping costs and sales tax, William paid a total of $20.93.

52. Facebook deducted the sales tax and its "Selling fee" of 10% of the total paid by the buyer from the purchase price of the item and estimated Ms. Eklund's payout at $17.91.

53. Ms. Eklund created a shipping label and shipped the item via USPS to William in Kansas. The item was delivered to William on March 31, 2025.

54. Facebook received William's payment of $20.93, including its Selling fee of $2.09.

55. However, to date Facebook has failed to pay Ms. Eklund the $17.91 payout she is owed for selling and shipping the second item through Marketplace.

56. Ms. Eklund contacted Facebook demanding payment be made for both sales transactions. Facebook still has not paid Ms. Eklund the $24.02 and $17.91 she is owed.

## <u>CLASS ACTION ALLEGATIONS</u>

57. Plaintiffs bring this action on behalf of themselves and all others similarly situated (the "Classes"), pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), and define the Classes as follows:

> **No Payout Class**: All persons in the United States who sold and shipped an item through Marketplace and did not receive the payout due from Facebook, during the relevant statute of limitations period.
>
> **Unfair Selling Fee Class**: All persons in the United States who sold and shipped an item through Marketplace and were assessed a 10% Selling fee based on the total amount paid by the buyer, during the relevant statute of limitations period.

58. Excluded from the Classes are: (1) Facebook, any entity or division in which Facebook has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; and (2) the Judge to whom this case is assigned and the Judge's staff. Plaintiffs reserve the right to amend or expand the Classes' definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

59. A sufficient similarity and commonality exists with respect to the sales transactions that Plaintiffs and other sellers have completed on Marketplace in that: (i) Facebook failed to pay the sellers the payouts due to them; and (ii) Facebook assessed the sellers an unfair 10% Selling Fee, which was not based on the sales price of the product, but instead was based on the total amount paid by the buyer, including the sales price, shipping costs, and taxes (the "Unfair Selling Fee"), the latter two amounts which the seller does not receive. If there is sufficient similarity between the treatment Plaintiffs and members of the Classes received, any concerns regarding material differences in the transactions can be addressed at the class certification stage. Plaintiffs and all members of the Classes sustained damages arising out of Facebook's common course of conduct complained herein.

60. The members of the Classes are so numerous that joinder of all members would be unfeasible and impractical. The specific number of the members of the Classes is currently unknown to Plaintiffs; however, given that, on information and belief: (i) thousands of sellers who sold and shipped through Marketplace did not

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

receive their earned payouts during the applicable statute of limitations periods; and (ii) thousands of sellers who sold and shipped through Marketplace were assessed an Unfair Selling Fee. Thus, it is reasonable to presume that the members of the Classes are so numerous that joinder of all members is impracticable. In addition, in the Notice of Removal, Facebook pleads, "[T]he proposed classes consist of more than 100 members based on the FAC's allegations." Notice of Removal, Dkt. No. 1, ¶ 7. The disposition of Plaintiffs' claims in a class action will provide substantial benefits to the parties and the Court.

61. There is a well-defined community of interest in the questions of law and fact involved in this case.

62. Plaintiffs are asserting claims that are typical of the Classes because every other member of the Classes, like Plaintiffs, was exposed to virtually identical misconduct and is entitled to restitution, actual damages, and punitive damages, and equitable relief pursuant to Business & Professions Code § 17200 *et seq*.

63. All causes of action herein have been brought and may properly be maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23 because:

a. **Numerosity**: Persons in the Classes are so numerous that the individual joinder of all members would be impracticable.

b. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Classes, and those questions clearly predominate over any questions that might affect members individually. There is a well-defined community of interest in the questions of law and fact involved which affect the parties to be represented. The questions of law and fact to the Classes predominate over questions which may affect individual Class members, including the following:

i. Whether Facebook has a practice of failing to issue payouts to users of Marketplace who sold and shipped products through Marketplace; and

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

ii. Whether Facebook has a practice of assessing the Unfair Selling Fee to users of Marketplace who sold and shipped products through Marketplace.

c. **<u>Typicality</u>**: On information and belief, Plaintiffs' claims are typical of the claims of the members of the Classes. Plaintiffs and all members of the Classes are entitled to restitution, sustained damages and injuries arising out of Facebook's common course of conduct complained herein.

d. **<u>Adequacy</u>**: Plaintiffs will fairly and adequately protect the interest of the members of the Classes because Plaintiffs have no interests which are adverse to the interest of absent class members and because Plaintiffs have retained counsel who possess significant class action litigation experience regarding alleged violations of consumer statutes and common law claims.

e. **<u>Superiority</u>**: A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender. An important public interest will be served by addressing the matter as a class action, substantial economies to the litigants and to the judicial system will be realized and the potential for inconsistent or contradictory judgments will be avoided. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Furthermore, since most class members' individual claims for damages and restitution are likely to be modest, the expenses and burdens of litigating individual actions would make it difficult or impossible for individual members of the Classes to redress the wrongs done to them. The conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

system, and protects the rights of each Class member.

## <u>FIRST CAUSE OF ACTION</u>

## UNFAIR COMPETITION LAW

### California Business & Professions Code § 17200

### (Against All Defendants)

64. Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

65. The UCL defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL provides that a court may order injunctive relief to affected members of the general public as remedies for any violations of the UCL.

66. Beginning on an exact date unknown to Plaintiffs, but at all times relevant herein, Facebook has committed acts of unfair and unlawful competition proscribed by the UCL, including the practices alleged herein. The acts of unfair competition include the following:

a. Facebook failed to pay payouts due to Plaintiffs and users of Marketplace who sold and shipped goods through Marketplace, even though the buyers paid for the items in full. The amount of the payouts due are specifically set forth by Facebook in transaction summaries provided to Plaintiffs and members of the No Payout Class.

b. Facebook assessed Plaintiffs and sellers who shipped goods through Marketplace an Unfair Selling Fee of 10% of the total amount paid by buyers (including 10% of the shipping cost and 10% of the taxes), rather than 10% of the product's sale price. The Selling Fee assessed by Facebook has no reasonable nexus to the sale price of the product. Facebook unfairly increases its revenue and profits by basing its Selling Fee on the dollar amount for shipping and tax paid by the borrower, which is entirely unrelated to the sale of the product or its price. The

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

amount of the Unfair Selling Fee is specifically set forth by Facebook in transaction summaries provided to Plaintiffs and members of the Unfair Selling Fee Class.

c. Facebook unjustly generated profits by retaining Plaintiffs and Marketplace sellers' payouts and the Unfair Selling Fees, in the form of interest Facebook generated on those amounts which are directly traceable to payouts and Unfair Selling Fees Facebook is wrongfully withholding.

67. The business acts and practices of Facebook, as hereinabove alleged, constitute unfair business practices in that said acts and practices offend public policy and are substantially injurious to consumers and the general public. These acts and practices have no utility that outweighs their substantial harm to consumers and the general public.

68. The business acts and practices of Facebook constitute unlawful business practices in that Facebook committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200, *et seq*., by unlawfully retaining and converting Plaintiffs' and other Marketplace sellers' due payouts.

69. The unfair and unlawful business acts and practices of Facebook described herein present a continuing threat to Plaintiffs and members of the general public in that Facebook is currently engaging in such acts and practices and will persist and continue to do so unless and until a public injunction is issued by this Court.

70. Pursuant to Business and Professions Code § 17203, Plaintiffs seek restitution, disgorgement of related restitutionary profits generated and unjustly retained by Facebook, and public injunctive relief ordering that, moving forward, Facebook: (i) create and implement policies and procedures to ensure that sellers who ship through Marketplace are promptly paid their due payouts; (ii) create a reliable

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

method of communication for sellers to inquire about and obtain the accurate status of their payouts based on timely responses from a trained human employee who has reasonably investigated the inquiry; and (iii) cease assessing the Unfair Selling Fee of 10% of the total amount paid by the buyer, and instead assess a fee of 10% of the sales price only. Plaintiffs are entitled to a public injunction as a private attorney general, without the necessity of class certification.

71. Plaintiffs also seek an injunction ordering that Facebook: (i) promptly pay Plaintiffs and members of the No Payout Class their due payouts, with interest; and (ii) promptly pay Plaintiffs and members of the Unfair Selling Fee Class the difference between 10% of the total paid by the respective buyers and 10% of the respective sales price of the purchased product, with interest.

72. Pursuant to Code of Civil Procedure § 1021.5, Plaintiffs seek recovery of their attorney's fees, costs and expenses incurred in the filing and prosecution of this action.

## <u>SECOND CAUSE OF ACTION</u>

## CONVERSION

## (Against All Defendants)

73. Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

74. At all relevant times Plaintiffs were due their payouts from Facebook.

75. At all relevant times Plaintiffs had a right to their payouts.

76. Facebook did not have any right or consent to keep or refuse to transfer the payouts to Plaintiffs.

77. By taking the payout amounts set forth in paragraphs 19-56 above and refusing to transmit them to Plaintiffs, Facebook asserted dominion and control over the property, interfering in a way inconsistent with Plaintiffs' rights.

78. Facebook has intended to take and keep the payouts due and intentionally and willfully did so, and refused to give the funds to Plaintiffs.

79. As a result of Facebook's withholding and refusal to transmit the payouts due to Plaintiffs, Plaintiffs have suffered significant harm, including the ability to use the funds for other purposes, emotional distress, anxiety, loss of sleep and deep frustration.

**THIRD CAUSE OF ACTION**

**MONEY HAD AND RECEIVED**

**(Against All Defendants)**

80. Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

81. At all relevant times Plaintiffs were due the payouts from Facebook.

82. The amount of the payouts due to Plaintiffs were provided by Facebook in a written transaction summary.

83. At all relevant times Plaintiffs had a right and were justly entitled to the payout amounts as set forth above.

84. To date, Facebook has refused to pay Plaintiffs the due payout amount.

85. Facebook has been unjustly enriched as a result of its refusal to transmit the due funds to Plaintiffs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment be entered against Facebook, and Plaintiffs be awarded the following legal and equitable relief:

1. Actual damages;

2. For an order awarding, as appropriate, restitution, including the disgorgement of restitutionary profits Facebook generated and retained based on its withholding of the payouts and Unfair Selling Fee, to Plaintiffs and members of the Classes;

3. For an order certifying this case as a class action and appointing Plaintiffs and Plaintiffs' counsel to represent the Classes;

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

4. For an order that Facebook's wrongful conduct alleged herein be adjudged and decreed to violate the claims asserted herein;

5. Punitive damages;

6. Injunctive relief ordering that Facebook (i) promptly pay Plaintiffs and members of the No Payout Class their due payouts, with interest; and (ii) promptly pay Plaintiffs and members of the Unfair Selling Fee Class the difference between 10% of the total paid by the respective buyers and 10% of the respective sales price of the purchased product;

7. A public injunction ordering that, moving forward, Facebook: (i) create and implement policies and procedures to ensure that sellers who ship through Marketplace are promptly paid their due payouts; (ii) create a reliable method of communication for sellers to inquire about and obtain the accurate status of their payouts based on timely responses from a trained human employee who has reasonably investigated the inquiry; and (iii) cease assessing the Unfair Selling Fee of 10% of the total amount paid by the buyer, and instead assess a fee of 10% of the product sales price only;

8. Reasonable attorney's fees and costs to bring and maintain the instant action, pursuant to the UCL, Code of Civil Procedure § 1021.5, and Federal Rule of Civil Procedure 23.

9. For such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: January 28, 2026

RAY KIM LAW, APC

*/s/ Raymond Y. Kim*
Raymond Y. Kim
Attorneys for Plaintiffs
Angela Cook, Zoe Naglieri-Prescod, Fred Moore, and Roberta Eklund

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832